# IN THE COURT OF APPEALS OF IOWA

No. 4-040 / 13-1977
Filed February 19, 2014

**IN THE INTEREST OF M.M.,**
**Minor Child,**

**K.H., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Lisa M. Noble of Van Cleaf & McCormack, Des Moines, for appellant mother.

Bryan Webber of Carr & Wright, P.L.C., Des Moines, for father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Amanda L. Johnson, Assistant County Attorney, for appellee State.

Paul White, Juvenile Public Defender's Office, Des Moines, for minor child.

Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

A mother appeals from the juvenile court order terminating her parental rights. We conclude the mother's parental rights were properly terminated under Iowa Code section 232.116(1)(h) (2013). We do not believe extending the proceedings for another six months would be in the child's best interests. Finally, we conclude the exception found in section 232.116(3)(c) should not be applied in this case. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

Kimberly and Ray are the parents of M.M., who was born in 2010. Kimberly was arrested in April 2011 for child endangerment because she was intoxicated while caring for M.M.[1] She voluntarily agreed to attend substance abuse treatment and place the child in the care of Ray.

Kimberly became intoxicated while caring for the child in April 2012. The State filed a petition alleging M.M. was a child in need of assistance (CINA). On July 17, 2012, the juvenile court adjudicated M.M. to be a CINA under Iowa Code section 232.2(6)(c)(2) and (n) (2011). The court continued the child's placement with Ray. Kimberly had two drug tests that were positive for methamphetamine in September 2012. She proceeded to participate in services and substance abuse treatment.

On February 19, 2013, the juvenile court ordered M.M. would transition to Kimberly's home as of March 1, 2013. In the meantime, Kimberly was required to provide a drug test and continue in services. The drug test was positive for methamphetamine. The court then modified its order to provide the child would

---

[1] Kimberly was subsequently found guilty of disorderly conduct.

remain in Ray's care. Kimberly was thereafter inconsistent in providing drug tests.

In March 2013 Kimberly was the victim of domestic abuse by her boyfriend, Shawn. The police report indicated Kimberly had been drinking alcohol at the time. Additionally, service providers learned she had not been truthful with them concerning the nature of her relationship with Shawn. Shawn has an extensive criminal record. Kimberly was charged with two counts of forgery in May 2013. In July 2013 she had drug tests that were positive for methamphetamine and alcohol. M.M. was removed from Ray's care on August 13, 2013, when the Iowa Department of Human Services became aware Ray had been permitting Kimberly to have contact with M.M. outside of approved visitation.

The State filed a petition on October 18, 2013, seeking to terminate Kimberly's parental rights to M.M. A hearing was held on November 25, 2013. The juvenile court terminated Kimberly's parental rights pursuant to Iowa Code section 232.116(1)(h) and (*l*) (2013). The court determined termination of Kimberly's parental rights was in M.M.'s best interests. Kimberly appeals the decision of the juvenile court.

**II. Standard of Review**

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the

evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Merits

Termination of parental rights under section 232.116 is a three-step process. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We first determine whether a ground for termination exists under section 232.116(1). *Id.* Next, we determine whether termination if appropriate under the best-interests analysis found in section 232.116(2). *Id.* Finally, we consider whether any of the exceptions found in section 232.116(3) should be applied. *Id.*

**A.** Kimberly claims there is not sufficient evidence in the record to support termination of her parental rights under either of the code sections cited by the juvenile court. When the juvenile court relies upon more than one statutory ground to terminate a parent's rights, we may affirm based on one of the grounds cited by the court. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

We choose to focus on section 232.116(1)(h), which provides a parent's rights may be terminated if (1) a child is three or younger, (2) the child has been adjudicated CINA, (3) the child has been removed from the parent's care for at least six of the last twelve months or the last six consecutive months, and (4) the child cannot be safely returned to the parent's care.

Kimberly does not contest the first two elements of section 232.116(1)(h). She argues M.M. had not been out of the care of both of her parents for the requisite time period. She states the child had been in the father's care until August 2013 and only three months had passed before the termination hearing in

November 2013. "It is not in the children's best interests to interpret the language of the subsections to prevent termination of the noncustodial parent's rights when the children are placed in the separate home of the other parent." *In re N.M.*, 491 N.W.2d 153, 155 (Iowa 1992). Thus, the relevant issue is whether the child has been out of Kimberly's care for at least six of the last twelve months or for six consecutive months. Kimberly testified at the termination hearing M.M. had been removed from her care in May 2012, about eighteen months before the termination hearing.

As to the fourth element, Kimberly testified she believed she had the ability to resume care of the child at the time of the termination hearing. At the same time, however, she asked for an additional three to six months to participate in services. We note that despite her drug tests in July 2013 that showed the use of alcohol and methamphetamine, Kimberly consistently denied using these substances and was not currently in a treatment program. She had not yet started therapy for co-dependency issues and stated she had only recently realized her relationship with Shawn was detrimental to herself and the child.[2] Additionally, Kimberly's criminal involvement had not been fully addressed.[3] On our de novo review of the record, we conclude there is clear and convincing evidence M.M. could not be safely returned to Kimberly's care.

We conclude Kimberly's parental rights were properly terminated under section 232.116(1)(h).

---

[2] Shawn had been arrested on forgery charges in August 2013 and had been in prison since that time. The State presented evidence of telephone calls between Kimberly and Shawn that continued into early November 2013.

[3] At the time of the termination hearing, Kimberly had entered *Alford* pleas to two counts of forgery but had not yet been sentenced.

**B.** Kimberly contends termination of her parental rights is not in M.M.'s best interests. She asserts she should have an additional six months, which would allow her to attend therapy for co-dependency. She argues this "would allow the Appellant to reach the stability aspect which would be required to have the child reside with her."

In considering a child's best interests, we give primary consideration to the child's safety; to furthering the long-term nurturing and growth of the child; and to the physical, mental, and emotional condition and needs of the child. Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 40. "[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41.

The juvenile court denied the mother's request for additional time, finding the child needed permanency. We agree with the court's conclusion. The mother has been receiving services since April 2011 but is still not in a position to care for her child. We do not believe extending the proceedings for another six months would be in the child's best interests.

**C.** Kimberly also asserts she has a very close bond with the child, such that the court should have decided not to terminate her parental rights under section 232.116(3)(c). The juvenile court found

> there also has been no clear and convincing evidence that the termination would be detrimental to the child at this time due to the closeness of the parent-child relationship. The mother's history of alcohol and substance abuse, criminal involvement, and dangerous and detrimental relationships remains unresolved, and creates an unstable relationship for the child. There is nothing in the record

that indicates terminating would be more detrimental than not terminating based on the bond with the mother.

We concur in the juvenile court's findings. On our de novo review, we conclude the exception found in section 232.116(3)(c) should not be applied in this case.

We affirm the decision of the juvenile court terminating Kimberly's parental rights to M.M.

**AFFIRMED.**