# IN THE COURT OF APPEALS OF IOWA

No. 15-1707
Filed January 13, 2016

**IN THE INTEREST OF J.M. and E.D.,**
**Minor Children,**

**A.M., Mother,**
    Appellant.

_____


Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,
District Associate Judge.


A mother appeals from the order terminating her parental rights.
**AFFIRMED.**


Jessica Maffitt of Benzoni Law Office, P.L.C., Des Moines, for appellant
mother.

Thomas J. Miller, Attorney General, and Kathrine Miller-Todd and Janet
Hoffman, Assistant Attorneys General, for appellee State.

Kimberly Ayotte of the Youth Law Center, Des Moines, for minor children.


Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

A mother appeals from the order terminating her parental rights to her two minor children. There is sufficient evidence in the record to support termination of the mother's parental rights. None of the exceptions in Iowa Code section 232.116(3) (2015) mitigates against termination of her parental rights. It would not be in the children's best interests to give the mother additional time to work on reunification, and termination is in their best interests. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings.

Ashley is the mother of E.D., born in 2009, and J.M., born in 2013. Ashley has a history of substance abuse involving methamphetamine and alcohol. She has been diagnosed with bipolar disorder and schizophrenia. In July 2014, the Iowa Department of Human Services (DHS) received a report Ashley had threatened to kill herself while J.M. was in her care. She also left the two young children home alone on at least two occasions. The children were removed from Ashley's care on July 18, 2014. E.D. was placed with his father, Cory, and J.M. was placed with his father, James.

On August 15, 2014, the children were adjudicated to be in need of assistance (CINA) pursuant to Iowa Code sections 232.2(6)(c)(2) (2013) (child is likely to suffer harm due to parent's failure to supervise) and (n) (parent's drug or alcohol abuse results in the child not receiving adequate care). In November 2014 Ashley was committed to Broadlawns Medical Center by her family due to excessive drinking. She was discharged a few days later. On February 11,

2015, E.D. was placed in the care of his great-grandmother.[1]  Ashley completed an intensive outpatient treatment program for substance abuse but was not compliant with attending continuing care sessions.  She was inconsistent in attending individual therapy.  Ashley attended supervised visitation.

A petition to terminate Ashley's and Cory's parental rights was filed on June 6, 2015.  At the termination hearing, held on July 22, 2015, Ashley stated she was not ready to have the children returned to her care, because "I'm still trying to get my medicine under control and completely adjusted."  She also stated she did not believe therapy was helpful.  Ashley testified she did not need to learn any parenting skills, stating, "I haven't done nothing wrong except for doing meth.  Woo hoo.  Did it a couple times."

The court terminated Ashley's parental rights under sections 232.116(1)(f) (E.D.) and (h) (J.M.) (2015).[2]  The court determined Ashley had not adequately addressed her substance abuse and mental health problems.  The court found, "there is no doubt these children cannot be returned to mother at this time, in fact, mother acknowledged she was not in a position to resume care at this time."  The court found it would not be in the children's best interests to give Ashley more time to work on reunification.  The court determined there were no legal

---

[1] Cory and E.D. lived in Cory's grandparents' home.  In December 2014, Cory moved out of that home, leaving E.D with the child's great-grandparents.  The juvenile court subsequently formally placed the child in the care of the great-grandmother.

[2] The petition also sought termination based on section 232.116(1)(*l*).  Although the juvenile court discussed paragraph (*l*), the part of the court's decision ordering the termination of Ashley's parental rights only refers to paragraphs (f) and (h).  Therefore, we will consider only these two paragraphs of section 232.116(1).

exceptions under section 232.116(3) that would mitigate against termination. Ashley appeals the termination of her parental rights.[3]

## II. Standard of Review.

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence.

Ashley contends there is not sufficient evidence in the record to support termination of her parental rights. Section 232.116(1)(f) applies when a child (1) is four years old or older; (2) has been adjudicated CINA; (3) "has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days"; and (4) at the present time cannot be returned to the custody of the child's parents. In section 232.116(h) parts (2) and (4) are the same as in section 232.116(f), but the section applies to (1) a child who is three years old or younger and (3) "has been removed from the physical custody of the child's parents for at least six months of the last twelve

---

[3] The juvenile court also terminated Cory's parental rights. He has not appealed.

months, or for the last six consecutive months and any trial period at home has been less than thirty days."

Ashley argues there is insufficient evidence in this case that the children were removed from their parents' care for the requisite period of time. She states J.M. has always been in the care of at least one of his parents because he was placed with his father, James, after he was removed from her care. She asserts E.D. was in the care of his father, Cory, until he was formally placed in the care of his great-grandmother on February 11, 2015. She claims E.D. had not been out of his parents' care for twelve months by the time of the termination hearing on July 22, 2015.

The Iowa Supreme Court addressed this issue in *In re N.M.*, 491 N.W.2d 153, 155 (Iowa 1992), and noted that under section 4.1(3), "the singular includes the plural, and the plural includes the singular." The court concluded, "It is not in the children's best interests to interpret the language of the subsections to prevent termination of the noncustodial parent's rights when the children are placed in the separate home of the other parent." *Id.*; *see also In re C.W.*, 554 N.W.2d 279, 282 (Iowa Ct. App. 1996) (stating "the rights of one noncustodial parent may be terminated"). We conclude the statutory requirements of section 232.116(1)(f) were met as to E.D. and the requirements of section 232.116(1)(h) were met as to J.M.

**IV. Best Interests.**

Ashley contends it is not in the children's best interests to terminate her parental rights. She points out that if her rights are terminated the children will be in separate homes. She also points out the children are safely placed with family

members and states it would not be detrimental to the children to give her more time to work on sobriety and her mental health issues. Ashley asks for an additional six months to work on reunification.[4]

In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). The juvenile court stated:

> Mother continues to suffer from unresolved substance abuse and mental health issues. She has a significant history of trauma and is not currently able to meet her own needs, much less meet the children's emotional, financial and physical needs. Her lack of emotional regulation and aggressive behaviors convince the Court this is a situation where the child's best [interests] are met by termination of Mother's parental rights, even though the children are both currently placed with relatives.

We agree with the juvenile court's conclusions and determine termination of Ashley's parental rights is in the children's best interests. It would not be in their best interests to further extend these proceedings. *See In re E.K.*, 568 N.W.2d 829, 831 (Iowa Ct. App. 1997) ("We must reasonably limit the time for parents to be in a position to assume care of their children because patience with parents can soon translate into intolerable hardship for the children.").

**V. Exceptions to Termination.**

"[B]efore terminating a parent's parental rights, the court must consider if any of the exceptions contained in section 232.116(3) allow the court not to

---

[4] Ashley raises her claim requesting an additional six months to work on reunification in a separate division of her petition, under a heading referring to reasonable efforts. Because her request for more time also arises in her best interests argument we will consider the two issues together.

terminate." *P.L.*, 778 N.W.2d at 39.  Ashley claims her parental rights should not be terminated based on section 232.116(3)(a), "A relative has legal custody of the child," and (c), "There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

The juvenile court considered the exceptions and determined Ashley's parental rights should be terminated.  The court found her attempts to co-parent with James were unsuccessful, and he supported termination of Ashley's parental rights.  The court also found the bond between Ashley and the children had been diminished by her lack of consistent contact with them.  We concur in the court's conclusion that in this case there should not be an exception to termination based on the language in section 232.116(3).

We affirm the decision of the juvenile court.

**AFFIRMED.**