# IN THE COURT OF APPEALS OF IOWA

No. 16-1295
Filed October 12, 2016

**IN THE INTEREST OF B.S. and T.G.,**
**Minor children,**

**N.S., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Susan C. Cox, District

Associate Judge.


        The mother appeals from the district court's order terminating her parental

rights.  **AFFIRMED.**


        Andrea M. Flanagan of Sporer & Flanagan, P.L.L.C., Des Moines, for

appellant mother.

        Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, for

appellee State.

        Michael R. Sorci of Youth Law Center, Des Moines, guardian ad litem for

minor children.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals from the district court's order terminating her parental rights to her children: B.S., age four, and T.G., age one.[1]  The juvenile court terminated the mother's parental rights to B.S. pursuant to Iowa Code section 232.116(1)(f) (2015) and her parental rights to T.G. pursuant to section 232.116(1)(h).  We review the termination proceedings de novo.  *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).

In May 2016, at the time of the termination hearing, T.G. was being cared for by the maternal grandmother and B.S. was being cared for by her father.  The mother was in jail serving a one-year sentence following the revocation of her probation, and she had another unrelated sentence of fifteen years with a three-year mandatory minimum to serve if she was not successful on her appeal.  The mother had been consistently using drugs throughout the pendency of the case, and she testified at the hearing that she had used methamphetamine, opiates, and marijuana daily from 2009 until January 2016.  Since January 2016, the mother had not successfully completed substance-abuse treatment and she was not receiving any treatment in jail.

The mother does not challenge the statutory grounds for termination in regard to her rights to T.G.  Thus, any such argument is waived.  *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for fails to support such arguments.").

---

[1] B.S. and T.G. have separate fathers.  The parental rights of B.S.'s father have not been terminated.  The parental rights of T.G.'s father have been terminated, and he does not appeal.

The mother challenges the statutory grounds involving B.S. Iowa Code section 232.116(1)(f) allows the court to terminate a parent's rights when, among other things, "[t]he child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months" and "cannot be returned to the custody of the child's parents." The mother maintains that because B.S. had been staying with the child's father on an "extended visit" from April 10, 2016, through the time of the termination hearing, there was no evidence B.S. has been removed from the *parents* for the requisite time and could not be returned. However, the mother's position has been explicitly rejected by case law. *See In re N.M.*, 491 N.W.2d 153, 155 (Iowa 1992) ("It is not in the children's best interests to interpret the language of the subsections to prevent termination of the noncustodial parent's rights when the children are placed in the separate home of the other parent."); *see also* Iowa Code § 4.1(17) ("Unless otherwise specifically provided by law the singular includes the plural, and the plural includes the singular."). Moreover, we note that the mother stipulated at the hearing that the children could not be returned to her care at that time due to her incarceration.

The mother maintains termination of her parental rights is not in the children's best interests. She focuses on the fact that the children have been separated—one living with her biological father and the other living with the maternal grandmother—and maintains that terminating her parental rights will result in the loss of their sibling relationship. At the termination hearing, the caseworker from the department of human services testified the children had been having sibling visits weekly. Additionally, both the father and the maternal

grandmother stipulated at the hearing that they would ensure continued contact between the children. Next, the mother maintains that it is likely the maternal grandmother would allow her to have contact with T.G. in the future, but she believes it is unlikely the father will allow her to see B.S.; she argues that discrepancy is likely to harm the relationship between the siblings. The caseworker testified that both the grandmother and the father had expressed they would be willing to allow the mother to have some relationship with the child, so long as the mother's conduct did not present a danger to the children. While the mother argues she cannot count on B.S.'s father allowing her contact in the future, her concerns are insufficient to justify delaying permanency for B.S.

The mother also asserts that the court should have ordered a less-severe alternative to termination. The juvenile court considered other alternatives but decided that termination was necessary to achieve permanency for the children. The court partially relied on a letter from B.S.'s therapist emphasizing the importance for B.S. "to continue to experience stability, routine, and predictability with her primary caregiver." Additionally, the caseworker recommended termination, stating it was necessary to foreclose the chance the mother could try to assert her parental rights after getting out of jail. We agree that termination of the mother's parental rights is in the best interests of the children. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and her "need for a permanent home")).

The mother maintains that two of the permissive factors found in section 232.116(3) weigh against the termination of her rights. Namely, that her bond with the children is so strong that termination will be detrimental to them, *see* Iowa Code § 232.116(1)(c), and relatives have legal custody of the children,[2] *see* Iowa Code § 232.116(1)(a). Considering the mother's possible four-year sentence and her long-lasting and ongoing struggles with addiction, no permissive factor weighs against the termination of her parental rights to both B.S. and T.G. We affirm.

**AFFIRMED.**

[2] We note that at the time of the termination hearing, the father did not have legal custody of B.S.; the court ordered custody to be placed with him in the termination order.