DANILSON, Chief Judge,
(concurring specially).
I specially concur because I agree with the result but find it unnecessary to enter the fray on the issue of whether there is risk of an adjudicatory harm to the child. Rather, I conclude the State has failed to meet its burden of proof that the child was removed from the physical custody of the father as required by Iowa Code section 232.116(l)(h).
Here, the father raised as an issue the failure of the State to meet its burden with respect to Iowa Code section 232.116(l)(h). Upon our de novo review, we must find there “is clear and convincing evidence that the child cannot be returned to the custody of the child’s parents.” Iowa Code § 232.116(l)(h)(4). But the parents have never been married and it is undisputed that the child has never been in the custody of the father. See In the Interest of B.L., 470 N.W.2d 343, 346 (Iowa 1991) (acknowledging that unless paternity is immediately admitted at birth, a father has no custody rights until a court order grants such rights as provided by Iowa Code section 675.40).
Our supreme court has interpreted the word “parents” to mean plural or singular by statutory construction and as provided by Iowa Code section 4.1(17). In re Marriage of N.M., 491 N.W.2d 153, 155 (Iowa *687 1992).[2] This interpretation aids the State in this case in establishing the third element of Iowa code section 232.116(l)(h)(3) which requires proof the child was removed from the parents’ home, or a parent’s home, for at least six of the last twelve months, or for the last six consecutive months so long as any trial period has lasted less than thirty days. Because the child had been removed from the mother’s care for this period of time, the State need not prove the child was removed from the father’s home.
Nonetheless, the supreme court has not yet interpreted the fourth requirement in Iowa Code section 232.116(l)(h)(4) requiring proof “[tjhere is clear and convincing evidence that the child cannot be returned to the custody of the child’s parents as provided by section 232.102 at the present time.” Iowa Code § 232.116(l)(h)(4). Certainly the father cannot defend with evidence that the mother is able to have the child returned to her. See In re D.G., 704 N.W.2d 454, 460 (Iowa Ct.App.2005) (stating that one parent cannot assert facts or legal positions pertaining to the other parent). And because the father never had custody, the child was never removed from his care and custody cannot be “returned” to him. Under our facts, to find clear and convincing evidence of this fourth requirement, the word “returned” must either be ignored or interpreted to encompass the situation where custody cannot be “awarded” to the father. Until our supreme court addresses this issue, I decline to adopt such an interpretation and conclude the State has failed to meet its burden of proving the fourth element or requirement of Iowa Code section 232.116(l)(h).[3]

. Iowa Code section 4.1(17) provides, "Unless otherwise specifically provided by law the singular includes the plural, and the plural includes the singular.”

. When custody is removed from a parent there is also an obligation to warn the parent of the potential of termination of parental rights, a warning not necessarily afforded to a noncustodial parent. See Iowa Code § 232.102(8). Other alternatives to terminate parental rights are available to the State under Iowa Code section 232.116(1), See In re C.F.-H., No. 16-0918, 2016 WL 4379340 (Iowa Ct.App. Aug. 17, 2016) (Danilson, C.J., dissenting).