**IN THE COURT OF APPEALS OF IOWA**

No. 16-2135
Filed February 8, 2017

**IN THE INTEREST OF E.N.,**
**Minor child,**

**M.Y., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Marion County, Steven W. Guiter, District Associate Judge.

A mother appeals from the district court order terminating her parental rights to her child. **AFFIRMED.**

Blake D. Lubinus of Lubinus Law Firm, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Charles E. Isaacson of Charles Isaacson Law P.C., Des Moines, guardian ad litem for minor child.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

A mother appeals from the juvenile court order terminating her parental rights in her child, E.N. On appeal, the mother does not challenge the grounds for termination of her parental rights or whether termination of her parental rights was in the best interest of the child. Instead, the mother contends this court should exercise a permissive exception to preserve the parent-child relationship.

E.N. was born in December 2015. In March 2016, E.N. was removed from the care of her parents due to safety concerns for the child arising out of the parents' substance abuse and homelessness. The mother and father separated around the same time. The Iowa Department of Human Services (IDHS) was familiar with the mother because her rights to two other children had been terminated as a result of untreated substance-abuse and mental-health issues.

After removal, the father engaged in services and made progress in addressing many of the issues giving rise to removal. The juvenile court ordered the child be placed in the custody and care of the father.

In contrast, the mother did not resolve the issues giving rise to removal of the child. Following removal of the child, the mother engaged in services, including therapy and residential-substance-abuse treatment. However, in July, she relapsed and was discharged unsuccessfully from treatment. In addition to testing positive for the use of alcohol, the mother admitted to methamphetamine, marijuana, and cocaine use while in treatment. In addition to not completing her substance-abuse treatment, the mother made limited progress in addressing her mental-health issues. The mother was subsequently arrested for violating the terms and conditions of her probation during the pendency of this case. At the

time of the termination hearing, in November 2016, the mother was incarcerated with an expected release date of February or March 2017. She has had no contact with E.N. since July.

We review proceedings terminating parental rights de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework is well established. Pursuant to section 232.116(1) (2016), the State must prove a statutory ground authorizing the termination of a parent's rights. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). Section 232.116(1) sets forth the harms the legislature has determined to be of sufficient concern to justify the breakup of the family unit. Second, pursuant to section 232.116(2), the State must prove termination of parental rights is in the best interest of the child. *See P.L.*, 778 N.W.2d at 39. Third, if the State has proved both the existence of statutory harm and termination of a parent's rights is in the best interest of the child, the court must consider whether any countervailing considerations set forth in section 232.116(3) should nonetheless serve to preclude termination of parental rights. *See id.* These countervailing considerations are permissive, not mandatory. *See A.M.*, 843 N.W.2d at 113. "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

The mother's only argument on appeal is that the court need not terminate her relationship with E.N. because the child's father has legal custody of the child. *See* Iowa Code § 232.116(3)(a). We therefore need not address the first two steps of the analysis. *See P.L.*, 778 N.W.2d at 40.

The mother contends termination is unwarranted because no evidence was presented to show, once released from incarceration, she would disrupt the relationship between the child and the child's father. *See In re M.G.*, No. 11-0340, 2011 WL 2090045, at *5 (Iowa Ct. App. May 25, 2011). We disagree. The mother assaulted the father in March, leading to him obtaining a domestic abuse protective order against her. The IDHS case worker testified to her concerns the mother would contact the father upon her release. There is evidence the mother has violated no-contact orders with the father before. Moreover, the father and, by extension, the child have made significant progress during this case. By all accounts both are doing well in their current arrangement. For the child's sake, termination is appropriate. *See In re N.M.*, 491 N.W.2d 153, 155 (Iowa 1992) ("We conceive of situations when a child in the custody of one parent would benefit from the termination of the other parent's rights.").

More important, there is no reason to exercise the permissive exception under the facts and circumstances of this case. The mother has demonstrated over the course of a decade her inability to resolve the issues causing harm to her children. She has not addressed her mental-health needs. She has not addressed her substance-abuse problem. She continues to engage in criminal behavior. She already has had her parental rights to two other children terminated. What's past is prologue. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) ("When making this decision, we look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future."); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[I]n considering the impact of a drug addiction, we must consider the treatment

history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future. Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting."); *In re R.D.*, No. 14-0252, 2014 WL 1714959, at *3 (Iowa Ct. App. Apr. 30, 2014) (affirming termination of parental rights where mother sought more time pursuant to section 232.104(2)(b) but relapsed during proceedings).

**AFFIRMED.**