# IN THE COURT OF APPEALS OF IOWA

No. 21-0180
Filed July 21, 2021

**IN THE INTEREST OF A.H., K.H., M.H., M.H., and M.H.,**
**Minor Children,**

**T.H., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Madison County, Kevin Parker, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Bryan J. Tingle, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Erica D. Parkey, Des Moines, attorney and guardian ad litem for minor children.

Penny B. Reimer of Neighborhood Law Group of Iowa, P.C., West Des Moines, attorney for minor child A.H.

Considered by Bower, C.J., and Mullins and May, JJ.

**BOWER, Chief Judge.**

A father appeals the termination of his parental rights. He claims the grounds for termination were not established, termination is not in the children's best interests, and an exception to termination should be applied. We affirm.

A.H. (mother) and T.H. (father) were married parents of five children born between 2004 and 2017: K.H., A.H., M.H., M.H., and M.H. In the summer of 2018, the father assaulted the mother in front of some of the children on two occasions, and during the second incident assaulted another adult visiting the home. One child had to help subdue the father during the second incident. The father's presence during the second assault violated a protective order, which was then extended to include the children as protected parties. The father is an admitted long-term and frequent user of methamphetamine—including while acting as caretaker for the children—despite past substance-abuse treatment. In September 2018, the State filed petitions alleging the children were each a child in need of assistance (CINA).

Upon adjudicating the children as CINA on October 12, the court concluded, "Placement outside the parental home is necessary because continued placement in or a return to the home would be contrary to the child's welfare and reasonable efforts have been made to eliminate the need for removal." The court specified the mother retained temporary legal custody of the children under the supervision of the department of human services (DHS). The children lived with the mother in the family home. The father did not reside with the mother and children.

The father sought substance-abuse treatment beginning in November 2018. His attendance was sporadic, but he reported sobriety to his treatment

provider. At a reassessment on October 4, 2019, he denied using drugs for a year and was found to not be a candidate for treatment at that time. However, drug testing later that month was positive for methamphetamine and marijuana.

The father initially had supervised visits once a week with the children. After he missed several visits in spring 2019, the court gave DHS the discretion to terminate visitation if the father failed to participate in three consecutive supervised visits. In June, DHS added a six-hour visit on weekends supervised by the father's mother. On a weekend visit later that month, the father acted erratically and displayed behaviors indicating methamphetamine use, including screaming at his mother and breaking items in the house in front of the children. Visits stopped, as did most of the father's communication with DHS. The father would still drive by the family home and communicate with the children in violation of the protective order.

The father did not engage in any services between his positive drug test in October 2019 and the termination hearing in August 2020. During the termination hearing, he testified to using methamphetamine about eight months earlier and stated the children are safe around him when he is using. He opined his addiction is under control and he does not need additional treatment. The court terminated the father's parental rights under Iowa Code section 232.116(1)(f) (2020) (the older four children) and (h) (the youngest child).[1]

---

[1] Iowa Code section 232.116(1) lays out the possible grounds for termination of parental rights:

> Except as provided in subsection 3, the court may order the termination of both the parental rights with respect to a child and the relationship between the parent and the child on any of the following grounds:

The father appeals the termination of his parental rights, requesting the court instead transfer sole custody of the children to the mother in a permanency order.

We review de novo termination-of-parental-rights proceedings. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We give weight to but are not bound by the juvenile court's findings of fact. *Id.*

First, the father contends the court should not have terminated his rights to the children under Iowa Code section 232.116(1)(f) and (h) because the children were never removed from the mother's home or the mother's custody, and no order during the CINA proceeding removed the children from the father's care. As a result, he claims the third and fourth prongs of each ground were not met.

---

. . . .
f. The court finds that all of the following have occurred:
(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.
. . . .
h. The court finds that all of the following have occurred:
(1) The child is three years of age or younger.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

In cases of the termination of a noncustodial parent's rights, it is a long-standing principle that "[i]t is not in the children's best interests to interpret the language of the subsections to prevent termination of the noncustodial parent's rights when the children are placed in the separate home of the other parent." *In re N.M.*, 491 N.W.2d 153, 155 (Iowa 1992); *see also In re B.S.*, No. 16-1295, 2016 WL 5934014, at *1 (Iowa Ct. App. Oct. 12, 2016) (observing a similar argument has been "explicitly rejected by case law"). The father previously had custody of the children when living in the marital home with the mother. In the CINA adjudication order, the juvenile court concluded, "Placement outside the parental home is necessary," and specified the mother retained legal custody of the children as supervised by DHS. This constitutes a removal from the father's custody for purposes of section 232.116(1)(f) and (h). The grounds for termination have been established.

Next, the father argues termination of his parental rights was not in the children's best interests. He claims termination would harm the children and termination would cut off financial support for the children from government benefits. The father cites as support a letter from one child's therapist dated six months prior to the termination hearing;[2] however, the child instructed counsel to not take a position regarding termination at the hearing because the child "doesn't want to be in the middle." In the letter, the therapist recommended "an emotionally and mentally secure relationship" where the child's welfare and needs are met

---

[2] The termination hearing was originally scheduled to take place in February 2020. The hearing was continued when the father requested a change in counsel, with further continuances due to disruptions in trial schedules caused by the COVID-19 pandemic and the father's request for an in-person hearing.

during the visits. Given the father's testimony about using methamphetamine around the children and not needing treatment, we find continuing the relationship between the father and children would be detrimental and not in their best interests.

As to potential financial support, the father did not provide any financial support throughout the two years of the CINA case despite his employment in construction. We see no reason to believe the father would support the children with future governmental benefits any more than he does with his earned paychecks. In any event, our supreme court has observed, "Notably absent from [termination of parental rights statutory and case law] is any explicit reference to financial support payments, and we believe it would be inappropriate for Iowa courts to introduce such a consideration." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011). We have applied this principle to find, "Ending any potential financial support obligation by a termination order is an inadequate reason to avoid termination." *In re E.L.*, No. 16-2173, 2017 WL 936215, at *3 (Iowa Ct. App. Mar. 8, 2017). Here, too, ending potential financial support is not an adequate reason to avoid termination of the father's rights. Terminating the father's parental rights is in the children's best interests.

Finally, the father asserts the court should have granted an exception to termination under Iowa Code section 232.116(3)(a) because the children were in the custody of a relative—their mother. The father argues the court should have entered a permanency order transferring sole custody to the mother and closing the CINA cases.

The exceptions to the termination of parental rights are permissive and applied at the court's discretion in the best interests of the child. *See A.S.*, 906 N.W.2d at 475. When a parent seeks an exception to termination under section 232.116(3), they bear the burden of proof to establish the exception. *Id.* at 475–76. The father has a history of unresolved drug use and physical abuse of the mother in front of the children. He is subject to a protective order, which he has violated multiple times. A permanency order in lieu of termination would provide a method for the father to continue to seek contact with the children and disrupt the children's and the mother's life despite the protective order. Under these circumstances, applying the exception would be contrary to the children's best interests. We affirm the termination of the father's parental rights.

**AFFIRMED.**