**IN THE COURT OF APPEALS OF IOWA**

No. 21-1466
Filed January 12, 2022

**IN THE INTEREST OF L.M. and L.M.,**
**Minor Children,**

**A.M., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Guthrie County, Virginia Cobb, District Associate Judge.

A mother appeals the district court order terminating her parental rights. **AFFIRMED.**

Benjamin J. Bragg of Bragg Law Firm, P.L.L.C., Clive, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Gina Burress of Carr Law Firm, P.L.C., Des Moines, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. There is clear and convincing evidence in the record to support termination of the mother's parental rights. The mother did not preserve error on her claim regarding reasonable efforts. We find termination of the mother's parental rights is in the children's best interests. Thus, we affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

A.M. is the mother and C.M. is the father of L.J.M., born in 2017, and L.M.M., born in 2018. The children were removed from the mother's care on October 29, 2018, after she physically assaulted the paternal grandmother while she was holding L.M.M. The mother tested positive for marijuana, methamphetamine, and amphetamines. She was charged with two counts of child endangerment and one count of assault. The children were placed with the father.

The mother consented to the children's adjudication as children in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2018). The mother participated in an outpatient substance-abuse treatment program. She also received mental-health services. The mother pled guilty to child endangerment and assault causing bodily injury. She was placed on probation.

On May 3, 2019, the mother relapsed on methamphetamine. She entered an inpatient treatment program but was unsuccessfully discharged due to lack of cooperation. In August, the mother was arrested on charges of criminal mischief.[1] In September, she was arrested for probation violations. When arrested, the

---

[1] She pled guilty to criminal mischief in the second degree. The mother was again placed on probation.

mother had drug paraphernalia on her person and tested positive for marijuana. She was confined in jail and then the women's prison.[2] She had telephone contact with the children while incarcerated.

On June 1, 2020, the State filed a petition seeking termination of the mother's parental rights. A hearing was held in August. The juvenile court entered an order on November 9, denying the petition. The court found the mother was addressing her substance-abuse and mental-health problems while in prison. The court determined the mother should have more time to work on reunification.

In the meantime, while the first termination proceeding was pending, the mother was released from prison on August 22. She did not comply with random drug testing. On December 7, the mother's hair test was positive for methamphetamine. A hair test on December 28 was positive for methamphetamine, amphetamines, and THC.[3]

On February 2, 2021, the State filed a second petition for termination of the mother's parental rights. The mother was in jail at the time of the hearing on May 14, facing charges of fifth-degree theft, assault of a police officer, possession of a controlled substance, as well as probation violation charges. The mother stated the last time she used methamphetamine was March 31, which was when she was arrested on the current charges. She testified that she expected to be sent to a halfway house, where she could receive substance-abuse and mental-

---

[2] The mother's probation was revoked on the charge of child endangerment and she was sentenced to prison for a period not to exceed two years. Her probation on the charge of criminal mischief was modified to require her to reside at a community correctional center for one year.

[3] A urinalysis test on the same date was negative for controlled substances.

health treatment. The mother stated she did not think the children could live with her at the halfway house.

The juvenile court entered an order on October 1, terminating the mother's parental rights under section 232.116(1)(e), (f) (L.J.M.), (h) (L.M.M.), (i), and (*l*) (2021). The court found terminating the mother's parental rights was in the children's best interests. The court also found "there is no evidence that termination would be detrimental to the children due to the closeness of the parent-child relationship." The mother appeals the termination of her parental rights.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.,* 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.     Sufficiency of the Evidence

The mother claims the State did not present clear and convincing evidence to show her parental rights should be terminated. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.,* 868 N.W.2d 425, 434 (Iowa Ct. App. 2015), *as amended* (Oct. 16, 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435.

The mother challenges termination of her parental rights under section 232.116(1)(e), (f), (i), and (*l*). She does not challenge the termination of her rights to L.M.M. under section 232.116(1)(h). Because we can affirm on any section relied upon by the juvenile court, we affirm the termination of the mother's parental rights to L.M.M. pursuant to section 232.116(1)(h). *See* Iowa R. App. P. 6.903(2)(g) (stating the failure to raise an issue on appeal is a waiver of that issue).

In considering the termination of the mother's parental rights to L.J.M., we focus on section 232.116(1)(f). A parent's rights may be terminated under section 232.116(1)(f) if the court finds:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother states the children were not removed from the care of both parents, as the children were placed with the father under the supervision of the Iowa Department of Human Services (DHS). The parental rights of one parent may be terminated even if the other parent has legal custody of the children. *In re N.M.*, 491 N.W.2d 153, 156 (Iowa 1992). "It is not in the children's best interests to interpret the language of the subsections to prevent termination of the noncustodial parent's rights when the children are placed in the separate home of the other parent." *Id.* at 155.

We find the elements of section 232.116(1)(f) have been met. L.J.M. is four years old, there was a CINA adjudication, and the child has been removed from the mother's care since October 2018—almost three years prior to the termination. Additionally, the child could not be returned to the mother's care at the time of the termination hearing. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (noting we consider whether a child may be returned at the time of the termination hearing). The mother was in jail, then expected to be placed in a halfway house where she did not think the children would be permitted. We conclude the mother's parental rights were properly terminated under section 232.116(1)(f) and (h).

## IV.    Reasonable Efforts

The mother claims the State did not engage in reasonable efforts to reunite her with the children. She asserts that after she was released from prison, she was provided with only drug tests and visitation. She claims the State should have done more to assist her in obtaining substance-abuse treatment.

The Iowa Court of Appeals previously stated:

> While the State has an obligation to provide reasonable services to preserve the family unit, it is the parent's responsibility "to demand other, different, or additional services *prior* to the termination hearing." *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999) (emphasis added); *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997). Complaints regarding services are properly raised "at removal, when the case permanency plan is entered, or at later review hearings." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). Where a parent "fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding." *C.H.*, 652 N.W.2d at 148. Similarly, we will not review a reasonable efforts claim unless it is raised prior to the termination hearing. *See In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994) (stating that a party challenging reasonable efforts must do so prior to the termination hearing).

*T.S.*, 868 N.W.2d at 442 (quoting *In re M.Y.R.*, No. 11-1139, 2011 WL 5389436, at *7 (Iowa Ct. App. Nov. 9, 2011)).

The mother did not previously raise the issue she raises now regarding services after she was released from prison. On January 20, 2020, while she was still incarcerated, she requested in-person visits with the children. She voluntarily withdrew this request, however, on March 19, noting no visits were permitted at the prison due to COVID. The issue was not addressed by the juvenile court in the termination order. We conclude the mother has not preserved error on the reasonable efforts argument she raises on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

## V.    Best Interests

The mother claims termination of her parental rights is not in the best interests of the children. She claims the children could be placed in the father's physical care and she could continue to have visitation with them. She also asks for more time to work on her problems with substance abuse.

In considering the best interests of children, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a

parent will learn to be a parent and be able to provide a stable home for the child."

*Id.*

The juvenile court stated:

> The court had found that [the mother] had come a very long way from where she started in improving herself and her situation, and found she should be allowed to have additional time to prove herself, given that COVID has interfered so much. She has not, however, taken advantage of that additional time, and has resumed her former illegal activities. She was specifically given the additional time to follow through with her substance abuse treatment and provide clean [drug tests], follow through with her mental health treatment, and follow the terms and conditions of her probation. She had planned to establish herself in a location closer to her children, but did not do so. She has not progressed beyond supervised visits. She has not been consistent with her drug-testing, or her visits with the children.

The mother is not able to meet the needs of the children. Both children have special needs. L.J.M. has been diagnosed with autism and L.M.M. is developmentally delayed. L.J.M. in particular needs consistency, which the mother is unable to provide. She relapsed into using illegal substances soon after she was released from prison and was facing new criminal charges. The mother was given an extension of time when the first termination proceedings were dismissed in November 2020. The mother did not take advantage of the extension of time. We conclude a further extension would not be in the children's best interests. We find termination of the mother's parental rights is in their best interests.

We affirm the decision of the district court.

**AFFIRMED.**