# IN THE COURT OF APPEALS OF IOWA

————————————

No. 26-0505
Filed June 10, 2026

————————————

**In the Interest of V.H., Minor Child,**

**L.N., Mother,**
Appellant.

————————————

Appeal from the Iowa District Court for Story County,
The Honorable Hunter W. Thorpe, Judge.

————————————

**AFFIRMED**

————————————

Sarah M. Yaske, West Des Moines, attorney for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, attorneys for appellee State.

Shannon M. Leighty, Nevada, attorney and guardian ad litem
for minor child.

————————————

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

Since this eleven-year-old child was born, his mother has been addicted to methamphetamine and other drugs. After the mother's most recent relapse, the child told his guardian ad litem that he wanted her parental rights to be terminated. The juvenile court granted the State's termination petition,[1] finding the child "desires and is entitled to some level of consistency in his life that his mother has denied him."

The mother appeals. Skipping over the statutory grounds for termination,[2] she denies that termination was in the child's best interest. She also claims the juvenile court should have applied a permissive exception, arguing that termination is detrimental to the child because of their close relationship. Our review is de novo. *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021).

Even where a statutory ground exists, we may only affirm the termination of parental rights when it serves a child's best interest. *In re Z.P.*, 948 N.W.2d 518, 525 (Iowa 2020). In reviewing that issue, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *see also P.L.*, 778 N.W.2d at 37. Termination of parental rights, as the mother contends in her petition on appeal, "is an outcome of

---

[1] The State did not petition to terminate the parental rights of the child's father, who was still working towards reunification.

[2] The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (f), and (*l*) (2026). Because the mother does not dispute any of these grounds, we do not have to discuss this step of our termination framework. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

last resort." *In re B.F.*, 526 N.W.2d 352, 356 (Iowa Ct. App. 1994). At the same time, where the legislative criteria for termination have been satisfied, the "interests of the child take precedence over family reunification," and the "termination proceedings must be viewed with a sense of urgency." *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (cleaned up).

Pointing to her recent admission to a residential treatment facility, the mother contends "that maintaining the parent-child relationship . . . does not in any way jeopardize the child's safety" because she is working to address her problems with substance use and mental health. We disagree.

The mother—who was thirty-five years old—has been using methamphetamine since she was thirteen. She progressed to cocaine, heroin, oxycodone, and fentanyl in her twenties. The mother has tried inpatient and outpatient substance-use treatment before but has been unable to achieve sobriety. She waited until the week before the termination hearing in February 2026 to try again, even though the child had been removed from her custody for more than one year. Given the mother's long history of substance use—punctuated by a positive drug screen for methamphetamine two weeks before the hearing—this was "simply too late." *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("A parent cannot wait until the eve of termination, after the statutory periods for reunification have expired, to begin to express an interest in parenting."); *see also In re T.K.*, No. 08-0984, 2008 WL 3917482, at *2 (Iowa Ct. App. Aug. 27, 2008) ("We have repeatedly held that a parent's unresolved substance abuse presents a clear danger to the children in their care.").

On top of the mother's unresolved substance-use issues, she failed to address her mental-health needs during the child-in-need-of-assistance proceeding, which led to at least one hospitalization after she threatened to

"get so high I kill myself." And she continued a relationship with a man who has a lengthy criminal history that includes convictions for drug offenses and domestic violence. The mother has also failed to maintain consistent contact with the child. She did not have any visits with the child between July and October 2025. After the only visit that took place in October, the child began refusing to see the mother or answer her phone calls.

We also reject the mother's argument that terminating her parental rights is not in the child's best interest because the father is still working towards reunification. The child had been in the father's custody from April 2025 until the day before the termination hearing. He was removed because the department was concerned that the father had relapsed on methamphetamine and because the father refused to drug test. But unlike the mother, the father has a history of cooperating with the department. As the juvenile court found, the father "has demonstrated periods of sobriety and achiev[ed] necessary steps to have the child returned to him in this case. [The mother] has not." *See In re N.M.*, 491 N.W.2d 153, 155 (Iowa 1992) (noting there may be "situations when a child in the custody of one parent would benefit from the termination of the other parent's rights"). Allowing the mother more time will not change what history has shown—that because of her substance use and mental health, she is unable to ensure the child's safety or provide him with a permanent home. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (looking "to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future" (citation omitted)). And those are the defining elements in our best-interest analysis. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

For many of the same reasons, we also reject the mother's argument that the juvenile court failed to apply the permissive exception to termination

in Iowa Code section 232.116(3)(c) based on "the closeness of the parent-child relationship." *See In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018) (noting the exceptions listed in section 232.116(3) "are permissive, not mandatory" (citation omitted)). We do not doubt the mother's love for her son, but that is not enough to prevent termination under this exception. *See A.B.*, 956 N.W.2d at 169.

Instead, the mother must prove by "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c); *see also A.B.*, 956 N.W.2d at 169. The mother relies on the child's stated desire to have "some kind of relationship with [her] in the future, but not until he is older"—which she contends outweighs his support for terminating her parental rights. But, as the juvenile court observed, the mother's current relationship with the child "is nearly nonexistent," and her "inconsistency in [the child's] life has been a source of disappointment, and a friction point for [him]." We agree with the juvenile court that the mother failed to establish this exception should be applied.

**AFFIRMED.**