# IN THE COURT OF APPEALS OF IOWA

No. 18-0466
Filed June 6, 2018

**IN THE INTEREST OF A.W. and A.W.,**
**Minor Children,**

**J.W., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A father appeals a juvenile court order terminating his parental rights to two daughters. **AFFIRMED.**

Randall L. Jackson of Law Office of Randall L. Jackson, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Erin E. Mayfield of Youth Law Center, Des Moines, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

A father, Jesse, appeals the juvenile court order terminating his parental rights to two daughters, four-year-old Ale.W. and six-year-old Ali.W. He contends the State did not present clear and convincing evidence of a ground for termination under Iowa Code section 232.116(1) (2017) and termination was not necessary because the girls remained in the custody of their mother. Because in confirming removal from the father, the juvenile court made factual findings that Jesse sexually abused his older daughter, we conclude sufficient evidence supports termination of his parental rights to both children under paragraphs (d) and (j). Moreover, given Jesse's criminal conduct, the mother's continuing custody does not justify preserving his parental rights.

## I. Facts and Prior Proceedings

The Iowa Department of Human Services (DHS) first became involved with this family in December 2016 following allegations Jesse sexually abused his older daughter, Ali.W. In January 2017, the juvenile court affirmed removal of both daughters from Jesse's custody and placed them with their mother, where they have remained throughout these proceedings. The court adjudicated the children in need of assistance (CINA) under Iowa Code section 232.2(6).

The DHS reached a founded child-abuse assessment against Jesse. The report concluded the allegations of sexual abuse—specifically sexual abuse in the second degree, lascivious acts with a child, and incest—were founded based on Ali.W.'s reports that Jesse perpetrated numerous sex acts against her, including placing his penis in her vagina and touching her vagina with his finger. The

investigation also led to criminal charges. Jesse entered an *Alford* plea[1] to assault with intent to commit sexual abuse causing injury and received an indeterminate five-year prison sentence. Upon release he will register as a sex offender. The district court entered a no-contact order (NCO) between Jesse and Ali.W.

In January 2018, the juvenile court held a hearing on the State's petition to terminate Jesse's parental rights. The State cited paragraphs (d), (j), and (m) for both girls and paragraph (f)[2] for Ali.W. The court found clear and convincing evidence to terminate Jesse's parental rights to both children under paragraph (d) and to Ali.W. under paragraph (f). The court did not rule on paragraphs (j) and (m). Jesse appeals.[3]

## II. Analysis

### A. Statutory Grounds

Jesse argues the State did not offer clear and convincing evidence for terminating his parental rights to both children under paragraph (d) or to Ali.W. under paragraph (f). When the termination order rests on more than one

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.")

[2] The State also pleaded paragraph (h) for Ale.W., but the juvenile court found the elements were not met. Paragraph (h) applies to children aged three years and younger; by the time of the termination hearing, Ale.W. was four years old.

[3] We review termination-of-parental-rights proceedings de novo, which means examining both the facts and law and adjudicating anew those issues properly preserved and presented. *In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We are not bound by the juvenile court's factual findings, but we give them weight, especially when witness credibility is critical to the outcome. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). The State must offer clear and convincing proof, which means we see no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)).

paragraph of section 232.116(1), we may affirm on any ground supported by the record. *In re K.R.*, 767 N.W.2d 321, 323 (Iowa Ct. App. 2007). In addition, we are free to consider alternative grounds for termination raised before the juvenile court. *See M.W.*, 876 N.W.2d at 222. Here, we find clear and convincing evidence supports terminating Jesse's parental rights to both children under paragraphs (d) and (j).

Paragraph (d) requires the State to show both the following have occurred:

(1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.

(2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

Iowa Code § 232.116(1)(d). Jesse contends the State failed to prove subparagraph (d)(1) because it did not establish he actually inflicted physical or sexual abuse against Ali.W. He asserts the juvenile court adjudicated Ale.W. and Ali.W. as CINA under section 232.2(6)(b), which applies to children whose parents have "physically abused or neglected" them or who are "imminently likely to abuse or neglect" them.

But the State's CINA petitions did not allege adjudication was appropriate under subsection (6)(b)—instead citing subsections (6)(c)(2), (d), and (n).[4] Section 232.2(6)(d) allows a court to find a child in need of assistance if he or she

---

[4] The juvenile court's CINA order cited generally to section 232.2(6). The father did not challenge the adjudication or request amended findings.

"has been" or "is imminently likely to be" sexually abused by the child's parent. So Jesse's argument the State did not prove actual abuse could also implicate the language of section 232.2(6)(d). The State responds under subsection (6)(d) without acknowledging Jesse's misidentification of subsection (6)(b). Therefore, we will address the issue as though Jesse had cited section 232.2(6)(d).

Jesse asserts the juvenile court found only that he was "*imminently likely*" to abuse or neglect the children, not that he *had* "abused or neglected" them. Citing *In re T.S.*, 868 N.W.2d 425, 436 (Iowa Ct. App. 2015), Jesse further contends the juvenile court could not rely on the CINA adjudication to terminate under paragraph (d), which requires findings the child "ha[s] been physically or sexually abused or neglected."[5]

But Jesse mischaracterizes the CINA adjudication by claiming it was based on only the imminent risk of abuse. Jesse quotes language from the CINA order finding "[s]ufficient evidence to show imminent danger to the children . . . if not removed from care of Father." But the court also made the following findings: "Father has NCO and is in jail and has new sex abuse charge related to the allegations in this case. CPA is founded." The court ordered, "Placement outside the parental home is necessary because continued placement in or return to the home would be contrary to the children's welfare because of founded sex abuse by Father with child at issue as victim."

---

[5] Jesse further argues the juvenile court could not rely on his conviction for assault with intent to commit sexual abuse causing injury, because he entered an *Alford* plea which, according to Jesse, is not an admission of actual physical or sexual abuse. Because we find termination appropriate under section 232.116(1)(d) through the findings in the CINA adjudication, we need not address this issue.

The juvenile court specifically referenced the founded child-abuse assessment in which Ali.W. described numerous sex acts committed by Jesse, as well as the criminal charges alleging past—not imminent—abuse. The CINA adjudication was not limited to a finding Jesse was "imminently likely" to abuse the children; it also found he already had sexually abused Ali.W. While it is true that "for the purposes of termination and to satisfy subparagraph (d)(1), a showing that physical injury is 'imminently likely' is not sufficient," in Jesse's case, the court made findings sexual abuse had already occurred. *See id.* In the present case, we look not for "physical injury" as in *T.S.*—which was addressing a paragraph (d) termination based on a section 232.2(6)(b) CINA adjudication—but for "sexual abuse," also a ground for termination under subparagraph (d)(1). *See id.* at 435–36. We find the principle of *T.S.*—that an imminent likelihood is not sufficient—extends to sexual abuse as well as physical abuse. And here, the record supports the conclusion that the court has previously adjudicated Ali.W. to be a CINA based on Jesse's acts of sexual abuse. Termination of Jesse's parental rights to Ale.W. is also supported under paragraph (d) as a child "who is a member of the same family."[6]

---

[6] Jesse argues the State did not prove termination under section 232.116(1)(f) as to Ali.W. because it did not show adequate services were offered. Provision of services is also a requirement under paragraph (d)(2), so we address that requirement, even though Jesse directs his argument at paragraph (f). The DHS is required to make every reasonable effort to return children home, consistent with their best interests. Iowa Code § 232.102(7); *see also In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The DHS provided Jesse with therapy and substance-abuse treatment, and he received some alcohol-abuse services while in jail. Jesse contends the DHS did not offer him services due to his incarceration and the NCO. But a parent's incarceration cannot excuse his lack of participation in a child welfare case. *See In re J.L.W.*, 523 N.W.2d 622, 624 (Iowa Ct. App. 1994), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Nor can an NCO. *See generally In re D.J.R.*, 454 N.W.2d 838, 842 (Iowa 1990). Jesse cannot complain about

In addition, clear and convincing evidence supports termination under paragraph (j). Paragraph (j) requires the State to prove both:

> (1) The child has been adjudicated [CINA] pursuant to section 232.96 and custody has been transferred from the child's parents[7] for placement pursuant to section 232.102.
> (2) The parent has been imprisoned for a crime against the child, the child's sibling, or another child in the household . . . .

Here, the juvenile court adjudicated the children in need of assistance and transferred custody from Jesse. Jesse has been imprisoned for a crime against Ali.W., the sibling of Ale.W. The record supports termination as to both children under paragraph (j).

## B. Relative Custody

Jesse next contends termination was not warranted because the mother retained custody of the children. *See* Iowa Code § 232.116(3)(a) ("The court need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child."). The State argues Jesse did not preserve this issue for appeal. But the juvenile court did rule on it, so we will address it as well. The factors in section 232.116(3) are permissive, and we find cogent reasons not to apply the relative-custody provision to prevent termination here. *See In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). The mother is currently divorcing Jesse. Jesse is in prison for sexually abusing Ali.W. and is subject to a NCO. When Jesse

---

the unavailability of services when his own criminal conduct against his daughter led to his incarceration and the NCO.

[7] Our supreme court has interpreted the use of the terms "parent" and "parents" in Iowa Code section 232.116 to allow termination of one parent's rights where the other parent's rights have not been terminated. *See In re C.W.*, 554 N.W.2d 279, 282 (Iowa Ct. App. 1996) (citing *In re N.M.*, 491 N.W.2d 153, 155 (Iowa 1992)). Thus, although paragraph (j) requires a showing that "custody has been transferred from the child's *parents*," (emphasis added) it is sufficient to show it has been transferred from one *parent*.

is released from prison, he will be required to register as a sex offender. Given these circumstances, we agree with the juvenile court's decision not to use this factor to preclude termination of Jesse's parental rights.

**AFFIRMED.**