**IN THE COURT OF APPEALS OF IOWA**

No. 20-1407
Filed February 17, 2021

**IN THE INTEREST OF N.D.,**
**Minor Child,**

**N.D., Father,**
         Appellant.
_____

         Appeal from the Iowa District Court for Polk County, Kimberly Ayotte,

District Associate Judge.


         A father appeals the termination of his parental rights to his child.

**AFFIRMED.**


         Gabriel Brio Porter of Porter Law Firm of Iowa, Des Moines, for appellant

father.

         Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

         Karl Wolle of Juvenile Public Defender Office, Des Moines, attorney and

guardian ad litem for minor child.


         Considered by Vaitheswaran, P.J., Tabor, J., and Scott, S.J.*

         *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**SCOTT, Senior Judge.**

This family came to the attention of the Iowa Department of Human Services in April 2019 upon allegations the father was using marijuana while caring for the child. The child was ultimately adjudicated a child in need of assistance but remained in the mother's legal custody. In August, the father tested positive for methamphetamine and opiates. Then, in September, as part of his sentence stemming from a criminal conviction of harassment in the third degree as to the mother, a five-year no-contact order, set to expire in 2024, was entered prohibiting the father from contacting the mother. The father did not comply with further drug testing, nor did he meaningfully participate in services for the remainder of the proceedings, which led to the State petitioning for termination of his rights in July 2020. In August, the father was arrested and charged with second-degree theft and possession of methamphetamine. He entered written petitions to plead guilty in September. The father remained incarcerated through the time of the termination hearing in October but apparently had yet to be sentenced.[1]

At the termination hearing in October, the father testified to his agreement that his substance-abuse problems resulted in him being mostly absent from the child's life for the last year. He also acknowledged his substance-abuse issues stem from his mental-health issues, which he agreed he took no steps to address. He had not visited the child since March at the latest, which he explained was a result of the child's susceptibility to COVID-19 and his exposure to germs as a result of his homelessness. However, he was also inconsistent in attending visits

---

[1] The plea agreement relative to the theft charged contemplated a lengthy term of imprisonment.

prior to the pandemic. He also failed to participate in virtual contact after the pandemic reared its head, which he agreed posed "zero risk" to the child.

Following a termination hearing, the juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b), (e), and (f) (2020).[2] The father appeals. On appeal, we read the father's arguments to challenge the sufficiency of evidence supporting the statutory grounds for termination; claim termination is contrary to the best interests of the child given the closeness of the parent-child bond; and request application of the permissive exception to termination contained in Iowa Code section 232.116(3)(a), which may be applied when a relative has legal custody of the child.[3]

Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793,

---

[2] In its termination order, the court ordered the child remain in the legal custody of her mother.

[3] The father also claims the termination ruling is contrary to the evidence and therefore amounts to a violation of his due process rights. We find the father's argument, unsupported by citations to legal authorities and silent on the substance of the inconsistencies, insufficient to facilitate appellate review and deem the argument waived. *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*" (emphasis added)); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record).

798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

We first address the sufficiency of the evidence supporting termination. "[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to termination under Iowa Code section 232.116(1)(f), the father only challenges the sufficiency of the evidence supporting the third element—that "[t]he child has been removed from the physical custody of the child's parents" for the statutory period. Iowa Code § 232.116(1)(f)(3). He argues "the plain language of the statute requires the State to prove by clear and convincing evidence that the child was removed from both of the child's parents." In *In re N.M.*, our supreme court considered whether an element of then section 232.116(1)(d)—that "custody of the child has been transferred from the child's *parents* for placement pursuant to section 232.102"—required "proof that custody had been transferred from both parents." 491 N.W.2d 153, 155 (Iowa 1992) (emphasis added). The court answered that question in the negative, concluding: "It is not in the children's best interests to interpret the language . . . to prevent termination of the noncustodial parent's rights when the children are placed in the separate home of the other parent." *Id.* The court held "section 232.116(1)(d) allows the termination of parental rights of the noncustodial parent even though legal custody of the child is placed with the other parent." *Id.* at 156.

We have recently applied this holding to section 232.116(1)(f)(3), as we have done in the past. *See In re A.N.*, No. 19-2032, 2020 WL 1049851, at *1 (Iowa Ct. App. Mar. 4, 2020); *see also In re B.S.*, No. 16-1295, 2016 WL 5934014, at *1

(Iowa Ct. App. Oct. 12, 2016); *In re J.M.*, No. 15-1707, 2016 WL 146726, at *2 (Iowa Ct. App. Jan. 13, 2016); *In re G.W.*, No. 14-1990, 2015 WL 576555, at *2 (Iowa Ct. App. Feb. 11, 2015); *In re C.L.*, No. 14-1973, 2015 WL 408392, at *2 (Iowa Ct. App. Jan. 28, 2015); *In re C.P.*, No. 14-0808, 2014 WL 3513370, at *2 (Iowa Ct. App. July 16, 2014); *In re M.M.T.*, No. 12-0519, 2012 WL 1612564, at *2 n.3 (Iowa Ct. App. May 9, 2012); *In re E.S.*, No. 07-1612, 2007 WL 4195816, at *2 (Iowa Ct. App. Nov. 29, 2007); *In re J.B.*, No. 07-1435, 2007 WL 2965084, at *1 (Iowa Ct. App. Oct. 12, 2007). We see no reason to change course, and we therefore reject the father's challenge to termination under section 232.116(1)(f).

We turn to the child's best interests and statutory exceptions to termination. The father claims termination is not in his child's best interests, *see* Iowa Code § 232.116(2), due to the closeness of the parent-child bond. *See id.* § 232.116(3)(c). We choose to separately address the often-conflated best-interests and statutory-exception arguments. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2019) (discussing three-step termination framework).

In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2). The child has Down Syndrome resulting in developmental delays. She thrives on consistency, and the father causes frequent disruption in the lives of the mother and child. The father has been largely absent from the child's life for a year, and the child's behavioral issues have significantly decreased since that contact has ceased. And we conclude the father has been given ample time to get his affairs

in order, and the child's best interests are best served by providing permanency and stability now. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting it is not in the best interests of children to keep them in temporary situations "while the natural parents get their lives together" (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))). We find termination to be in the child's best interests.

We turn to the father's claim the juvenile court should have applied the exception contained in section 232.116(3)(a), which allows the court to forego termination when "[a] relative has legal custody of the child." We first note the application of the statutory exceptions to termination is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). While the child remains in the mother's legal custody, we do not find this case to be an appropriate one to apply the urged exception. The father's involvement with the mother and child causes disruption, and this child's circumstances demand consistency and stability. In addition, the father is prohibited from contacting the mother until 2024. We are unable to conclude application of this exception would lead to a workable result.

Finally, the father requests application of the exception contained in Iowa Code section 232.116(3)(c), which allows the juvenile court to decline to terminate parental rights when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Upon our de novo review, we conclude the father failed to meet his burden to show "that the termination would be detrimental to the child . . . due to the closeness of the parent-child relationship," especially given the father being

mostly absent from the child's life for a year.  *See A.S.*, 906 N.W.2d at 476 (Iowa 2018) (noting parent bears burden to establish an exception to termination).

We affirm the termination of the father's parental rights.

**AFFIRMED.**